DAVID WARSHAWSKY, Plaintiff, *v.* DOUGLAS L. WARD and Others, Defendants.

Supreme Court, New York County, February 27, 1931.

*Eugene M. Hawkins*, for the plaintiff.

*Bond & Babson* [*Walter H. Bond* of counsel], for the defendants Ward.

WALSH, J. This is an application by the defendants Ward and others for reargument of a motion heretofore made by them for judgment on the pleadings, which motion was denied. The ground of denial was that the defendants could not avail themselves of allegations contained in their answer, and also that the averments of

the complaint could not be limited by admissions contained in the reply of plaintiff to the counterclaim interposed by said defendants. Attention is now called to the fact that plaintiff in his bill of particulars admitted that the assignment of October 4, 1926, pleaded in his complaint, was the lease by these defendants to him of said date, copy of which is attached to their answer. Under these circumstances, his pleading is limited to the extent of substituting, in lieu of his conclusory allegation that there was an assignment of the instrument itself.

As plaintiff's first cause of action is based upon his claim that there was an assignment of lease to him, it becomes necessary to determine whether the said instrument is an assignment, as claimed by him, or a sublease, as contended by defendants. In the event it be found that the same is a sublease, no cause of action is alleged. The Wards were assignees of a lease of the premises involved in this action, the term of which ended May 1, 1929. Under this lease they had the right, at the option of the landlord, to (1) a renewal thereof for twenty-one years, or (2) the value of the four-story building thereon. The lease from the Wards to plaintiff was for the term commencing October 15, 1926, and ending May 1, 1929. It gave to him no interest whatever in the four-story building, nor did it grant to him any right of renewal contained in the lease to the Wards, except that it provided, in the event of the renewal to them of the lease of the premises, they would give to plaintiff a five-year extension of his lease, etc. It thus appears that they did not part with their entire estate. The lease further provided that the surrender of the premises at the end of plaintiff's term was to be made to the Wards. They also reserved the right of entry upon breach of any conditions. Rent was reserved at a rate different from that in the lease to the Wards, and time of payment thereof was not the same. It seems clear that the lease by the Wards to plaintiff is not an assignment, but a sublease.

Plaintiff is not aided by the statements in his bill of particulars that his right arises under a certain contract of which the lease to him and other instruments executed between the parties are but a part, for under his complaint his right to relief under the first cause of action is predicated on the so-called assignment of October 4, 1926, and the allegations of his pleadings, though they may be limited by his bill of particulars, may not be enlarged thereby.

Plaintiff in his second cause of action, after repeating and realleging all the averments of the first, bases his right to the relief sought upon the alleged representations of defendants, relied upon by him, that under the terms of the aforesaid lease to him he was entitled to a renewal thereof for the term of twenty-one years, in

consideration of which representation he paid them $5,000. It has already been shown that no such right was given him by the lease from the Wards. It further appears from the allegations of his complaint, as amplified by his bill, that the said $5,000 was to be paid by plaintiff to defendants for the furniture and good will of the rooming business of defendants on the premises. This appears from the exhibits annexed to the answer of the defendants, which are admitted to be correct in plaintiff's bill. These exhibits are respectively a bill of sale from defendants to plaintiff, under the terms of which for the sum of $5,000, to be paid partly in cash and partly in notes, they transferred to him all their right, title and interest in the furniture and good will connected with the furnished rooming house conducted by them and a chattel mortgage from plaintiff to defendants securing the said notes. These instruments speak for themselves, and their terms may not be varied by evidence of representations inconsistent with their express provisions. Such representations must be deemed to have been merged therein, and plaintiff is precluded from showing by parol evidence that the transaction was other than as expressed in the instruments. In the event said instruments do not correctly set forth the agreements of the parties, relief must be sought by reformation. The second cause of action is dismissed.

As to the counterclaim of defendants, material allegations are denied by the reply of plaintiff, and hence judgment thereon cannot be granted.

The determination heretofore made herein is vacated, and the motion of defendants Ward is granted to the extent above indicated. Settle order on notice.